UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT WILLIAMS,

                Plaintiff,

      -vs-                                            09-CV-1005-JTC

TRAILWOOD TRANSPORT, LTD. and
LAURIE A. PAILLE,

                Defendants.

---

APPEARANCES:   McCANN, GARLAND, RIDALL & BURKE (MICHAEL BAGGETT, ESQ., of Counsel) Pittsburgh, Pennsylvania, Attorneys for Plaintiff.

                        STRONGIN ROTHMAN & ABRAMS, LLP (DAVID ALEXANDER ABRAMS, ESQ., of Counsel), New York, New York, Attorneys for Defendant Trailwood Transport, Ltd.

## **INTRODUCTION**

Plaintiff Robert Williams commenced this action in New York State Supreme Court, Chautauqua County, on June 19, 2009 (Item 1, Exh. A). Plaintiff is a resident of Pennsylvania (Item 1, Exh. A, ¶ 1), and defendant Trailwood Transport Ltd. ("Trailwood") is alleged to be a corporation organized and existing under Canadian law. *Id.,* ¶ 2. Thus, pursuant to this court's diversity jurisdiction under 28 U.S.C. §1332, defendant removed this action to the United States District Court of the Western District of New York on November 19, 2009 (Item 1). Defendant now seeks dismissal of the complaint with prejudice under Fed. R. Civ. P. 12(b)(6), alleging the claim is barred by New York State's three-year statute of limitations for personal injury claims. For the following reasons, the

motion of defendant Trailwood Transport, Ltd. is granted, and plaintiff's complaint is dismissed with prejudice.

**BACKGROUND and FACTS**

In his complaint, plaintiff alleges that on June 18, 2006, he was traveling on the New York State Thruway in Chautauqua County, following a tractor owned by defendant Trailwood and operated by defendant Paille (Item 1, Exh. A, ¶¶ 4, 5, 7). Plaintiff further alleges that a piece of the tractor "believed to be the universal joint" dislodged from the tractor's rear axle and smashed through the plaintiff's windshield. *Id.,* ¶ 8. He contends "[a]s a sole and proximate result of the above-referenced occurrence, Plaintiff has suffered serious injury in the form of psychological and emotional injury to the extent that he has been prevented from substantially performing all of the material acts which constitute his usual and customary daily activities." *Id.,* ¶ 9. Plaintiff alleges that defendant negligently failed to keep the tractor in a safe operating condition. *Id.,* ¶ 10.

In an affidavit, plaintiff's counsel states that on June 16, 2009, he deposited a FedEx Express package on plaintiff's behalf containing an original and three copies of the summons and complaint, a letter to the Chautauqua County Clerk, and a National City Bank check in the amount of $210.00 payable to the Clerk as the filing fee for priority overnight delivery (Item 13, ¶¶ 3, 4). According to the FedEx delivery record, the documents were delivered to the Chautauqua County Courthouse on June 17, 2009 at 11:21 a.m., and the package was signed for by "J. Hultquist." *Id.,* Exh. 7.

The documents bear the County Clerk's time stamp of June 19, 2009 at 9:31 a.m., indicating that the complaint was filed on June 19, 2009 (Item 8). In an affidavit, Tracie

Lorenzo, Deputy County Clerk of Chautauqua County, stated that there was no person by the name of J. Hultquist employed by the Office of the County Clerk at that time (Item 17, Att. 3). Additionally, Janet McCanna, an employee in the Human Resources Department of Chautauqua County, stated in an affidavit that there was no person by that name employed by Chautauqua County at the time (Item 17, Att. 3).

## DISCUSSION

It is well settled that "[w]here the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted . . . ." *Ghartey v. St. John's Queens Hosp.*, 869 F. 2d 160, 162 (2d Cir. 1989). Where an action is time-barred by the appropriate statute of limitations, the complaint has not alleged sufficient facts making its claim to relief plausible and thus a 12(b)(6) motion may be granted. *Figueroa v. City of New York*, 2008 WL 4185848, *1 (S.D.N.Y. September 4, 2008).

In diversity cases, federal courts sitting in New York must apply the New York statute of limitations. *Stuart v. American Cyanamid Co.*, 158 F. 3d 622, 626 (2d Cir. 1998). Here, plaintiff acknowledges that "this action is subject to New York's three-year statute of limitations and that the Complaint as stamped by Chautauqua County Clerk reflects a receipt date of June 19, 2009 at 9:31 A.M." (Item 12, p. 1). As the pertinent provision of the statute states, "an action to recover damages for a personal injury" is "to be commenced within three years." N.Y.C.P.L.R. § 214(5) (McKinney 2003). Such a claim accrues when the plaintiff knows "or had reason to know of the injury serving as the basis

for his claim." *Harris v. City of New York*, 186 F. 3d 243, 247 (2d Cir. 1999). Thus, it is clear that plaintiff's claim accrued on June 18, 2006 and expired on June 18, 2009.

The New York Civil Practice Law and Rules defines a "filing" as:

> [T]he delivery of the summons with notice, summons and complaint or petition to the clerk of the court in the county in which the action or special proceeding is brought or any other person designated by the clerk of the court for that purpose. At the time of filing, *the filed papers shall be date stamped by the clerk of the court who shall file them and maintain a record of the date of the filing and who shall return forthwith a date stamped copy , together with an index number, to the filing party . . . .*

N.Y.C.P.L.R. 304(c) (McKinney 2010) (emphasis added). Plaintiff claims the alleged delivery of the summons and complaint on June 17, 2009 was sufficient to meet the filing requirement defined by the N.Y.C.P.L.R.

Plaintiff relies on two cases in support of his argument. In *Enos v. City of Rochester*, 619 N.Y.S.2d 459, (App. Div. 1994), *lv. to app. denied,* 1995 WL 42487 (App. Div. February 3, 1995), plaintiff mailed the appropriate documents to the County Clerk on the date the statute of limitations expired. The court concluded that "mailing of the summons and complaint to the clerk of the court on the last day of the Statute of Limitations did not constitute 'filing' within the meaning of the C.P.L.R.'s new commencement-by-filing procedure. Because the papers were not actually received by the clerk until after the Statute of Limitations had expired, plaintiff's action was not timely commenced." *Enos,* 619 N.Y.S.2d at 461. Here, the documents were not actually received by the clerk and date-stamped until June 19, 2009.

Plaintiff also relies on *Greenwood v. New York Office of Mental Health*, 842 F.2d 636 (2d Cir. 1988). There, plaintiff submitted his documents to a "night depository box"

4

maintained by the District Court Clerk for the Southern District of New York "for the purposes of receiving papers at any time." *Greenwood,* 842 F.2d at 639. The documents were automatically date-stamped upon their submission to the box. *Id.* Because the date stamp on the documents was applied before the statute of limitations expired, the court ruled that "the Clerk had actual possession of the complaint and the complaint was filed before the statute of limitations expired." *Id.*

Plaintiff's reliance on both of these cases is misplaced. Plaintiff's documents were not deposited into a drop box maintained by the County Clerk, but were delivered to the County Clerk's office by mail and were received by an unknown office worker whose existence is denied by the staff of the Chautauqua County Clerk's Office. There is no proof that the documents were in the "actual possession" of the Clerk on June 17, 2009. Additionally, the documents were date-stamped and filed on June 19, 2009, one day after the statute of limitations expired for plaintiff's claim. A review of the date-stamped documents in this matter leads to the conclusion that plaintiff's claim is time-barred. Accordingly, defendant's motion to dismiss is granted.

## **CONCLUSION**

For the above reasons, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted, and the complaint is dismissed with prejudice.

So ordered.

\_\_\_\_\_\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: 8/24 , 2010
p:\opinions\09-1005.aug1110

5